UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

Plaintiff,

DECISION AND ORDER

03-CR-6109L

v.

TERRANCE B.WHITE,

Defendant.

---

Pending before the Court is defendant Terrance B. White's ("White") motion to vacate and set aside a jury verdict and for other relief based on ineffective assistance of trial counsel which occurred during plea negotiations prior to trial. The Court appointed new counsel to represent White and both White and the Government filed pleadings and numerous exhibits. The Court held a hearing on April 8, 2005, and both White and his former attorney testified. I ruled from the bench on April 14, 2005, and determined that White had established that he received ineffective assistance of counsel under the standards established in *Strickland v. Washington,* 466 U.S. 668 (1984).

In my ruling from the bench, I determined that White had satisfied the two-prong test of *Strickland*. First, I ruled that counsel's representation in the pretrial phase of this case fell well below an objective standard of reasonableness, and I also determined that there was a reasonable

probability that, but for counsel's ineffective performance, the outcome of the proceeding would have been different.  I articulated at some length on the record the bases for my determination and I incorporate those reasons here.

Two issues remain to be resolved.  The first involves a procedural issue, and the second concerns the appropriate remedy for counsel's ineffective performance.

Concerning the first issue, the Government contends that resolution of the issue of ineffective assistance of counsel is not ripe for determination at this time.  Although defendant was convicted after a jury trial on all seven counts of the superseding indictment, because of these proceedings, he has not yet been sentenced.  The Government contends that White should be sentenced, and that he should raise his ineffective assistance claim either on direct appeal or in a subsequent petition pursuant to 28 U.S.C. § 2255.

The second issue concerns the appropriate remedy for the ineffective assistance of counsel.  At the direction of the Court, both White and the Government have submitted memoranda suggesting their view of the appropriate remedy, in light of the Court's determination that pretrial proceedings were infected with ineffective assistance of counsel.

An understanding of the factual setting and procedural posture of the case is necessary to resolve both remaining issues.  White was originally indicted in a five-count indictment in July 2003.  His then-attorney, Paul Vacca, Esq. ("Vacca"), discussed a possible disposition of the case with Assistant United States Attorney ("AUSA") Julia Romanow, who was then in charge of the case.  These discussions occurred in the late Summer of 2003.  The Government's offer was memorialized in a proposed plea agreement submitted on or about September 22, 2003 (See Ex. E to Defendant's

Motion to Vacate). In this indictment, White was charged with several narcotics offenses and one charge under 18 U.S.C. § 924(c). That plea offer was rejected by the defendant.  In the Spring of 2004, the case was transferred to a different AUSA, Timothy Lynch ("AUSA Lynch").

There continued to be discussions about disposition, but without success.  Eventually, on March 30, 2004, a superseding indictment was filed against White charging him in seven counts with various narcotics and firearms violations.  Count 1 charged conspiracy to distribute and possess with intent to distribute cocaine base from October 2002 to on or about February 12, 2003, in violation of 21 U.S.C. § 846.  Counts 2 and 3 charged possession with intent to distribute and simple possession of cocaine base on February 12, 2003.  Counts 4 and 5 charged separate violations of § 924(c). Count 4 charged defendant with using, carrying or possessing a firearm in furtherance of the drug trafficking crime of conspiracy charged in Count 1.  Count 5 charged knowing possession of a firearm in furtherance of the drug trafficking crime charged in Count 2, possession with intent to distribute cocaine base on February 12, 2003. Count 6 and Count 7 relate to drug charges occurring on a different date, May 8, 2003.

It is Counts 4 and 5, charging two separate violations of § 924(c) that are at the center of the dispute here and involve counsel's ineffective assistance.

White was rearraigned on the superseding indictment on April 7, 2004.  A few days after that arraignment, the prosecutor, by letter dated April 14, 2004, submitted a written proposed plea agreement that was described as the Government's "final offer to resolve the case prior to trial" (Court Ex. 2).[1]

---

[1]  These exhibits, marked "Court Exhibit" all refer to items received at the hearing on the motion to vacate

(continued...)

That plea agreement provided that White would plead guilty to Count 2 (possession with intent to distribute cocaine base) and Count 5 (a § 924(c) charge of possessing a firearm in furtherance of the drug crime charged in Count 2) of the superseding indictment.  The anticipated Guideline range under the United States Sentencing Guidelines ("Guidelines") was 147 to 168 months.  The agreement contained numerous other provisions, including a cooperation provision.

The defendant and his counsel appeared in court on April 26, 2004, and advised the Government and the Court that White declined to accept the plea offer.  The Court then scheduled the matter for trial.  The case proceeded to trial and White was convicted on all seven counts of the superseding indictment.

After White's conviction, a presentence report ("PSR") was prepared which determined that because White had been convicted at the trial of a "second or subsequent conviction" under § 924(c), he faced a mandatory 5-year consecutive sentence for the first § 924(c) conviction, and a mandatory consecutive 25-year sentence for the second conviction pursuant to § 924(c)(1)(C)(i).

The statute concerning possession or use of firearms in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i), provides for a mandatory prison term of 5 years.  But, § 924(c)(1)(C)(i) provides punishment for a term of not less than 25 years involving  "a second or subsequent conviction."  The statute further provides at § 924(c)(1)(D)(ii) that all sentences imposed under this section must run consecutive to any other sentence.  Therefore, in this case, White faced a mandatory minimum 30-year term consecutive to any term of imprisonment resulting from his conviction on the other five counts of the indictment.

---

[1](...continued)
which occurred on April 8, 2005.

After analyzing the relevant Guidelines, the Probation Office determined that the aggregate Guideline range of imprisonment was 570 to 622 months, that is 47½ years to about 52 years. In large part, this extraordinarily high sentence was driven by the 30-year mandatory consecutive sentence that must be imposed by virtue of White's "second or subsequent conviction" under § 924(c)(1)(C)(i).

Once the PSR was prepared, the Court recognized that there was a conflict relating to a potential claim of ineffective assistance of counsel and, therefore, relieved Vacca, White's trial counsel, and substituted new appointed counsel. Thereafter, on October 23, 2004, a motion was filed to set aside the verdict and for a new trial pursuant to Rule 33, FED. R. CRIM. PROC. based on prior counsel's ineffective assistance. Although a proceeding under Rule 33 appeared to be untimely, the Court suggested that the proceeding should be viewed as a habeas corpus petition, pursuant to 28 U.S.C. § 2241(c).

It became evident almost immediately that White had *never* been advised by his lawyer, or by the Government, that he faced these mandatory consecutive sentences. It is clear, and I so find, that neither White, his lawyer, nor the Government's attorney recognized the consequences of a second conviction for a violation of § 924(c)(1)(A). I set all this out in my oral ruling from the bench on April 14, 2005. I determined that White and his lawyer, Vacca, agreed that White had never been advised by his attorney of the drastic mandatory consecutive sentences that White faced should he proceed to trial and be convicted. As I mentioned in my oral decision, it is clear that White's then-counsel did not believe that § 924(c)(1)(C)(i) applied, requiring the mandatory consecutive 25-year sentence, and therefore he never advised his client of the true consequences and risk of going to trial.

- 5 -

Counsel clearly did not believe that the second 924(c) conviction in this indictment would result in the increased penalty.  Therefore, White was never advised that he faced this severe sentence should he proceed to trial.

The law is clear and well-established that § 924(c)'s provision of an enhanced sentence for a "second or subsequent conviction" applies to a defendant who is found guilty of more than one count charging a violation of that statute, even if the counts are contained in a single indictment and the guilty verdicts are rendered at the same trial.  In *Deal v. United States*, 508 U.S. 129 (1993), the Supreme Court held that the word "conviction" in section 924(c)(1) refers to the finding of guilt by a judge or jury.  Because the jury in that case had found the defendant guilty of six counts under § 924(c), the Court held that each count after the first constituted a "second or subsequent conviction" meriting an enhanced penalty.  *See id.* at 132-33.  The fact that the counts had been contained in a single indictment did not alter the Court's analysis.

As I stated in my oral decision, defense counsel's error was compounded by the fact that the Government's attorney never mentioned this potential drastic consecutive sentence in his correspondence with defense counsel concerning plea negotiations, or in court when White was rearraigned on the superseding indictment. When White appeared for rearraignment on the superseding indictment on April 26, the Government listed the potential penalties facing White should he be convicted at trial.  The Government's attorney never apprised White, defense counsel, or the Court of the true penalties facing White should he be convicted at trial.  In fact, as I mentioned in my oral decision, in response to a specific question by the Court, AUSA Lynch misstated the

statutory consecutive sentence under § 924(c) as 5 years when, in fact, if White were convicted on all counts, the statutory consecutive mandatory minimum would be 30 years.

After the hearing, I determined that defense counsel's failure to apprise White of his exposure should he proceed to trial constituted ineffective assistance of counsel. It is a basic, rudimentary obligation of defense counsel to advise the client of the statutory penalties involved in determining whether to accept the Government's plea offer or risk going to trial. White was woefully uninformed prior to making the decision to reject the Government's plea offer. I also determined, in my ruling from the bench, that had White been properly advised, he most likely would have accepted the plea offer. Therefore, the second prong of the *Strickland* test was met. *See Cox v. Donnelly*, 387 F.3d 193, 197 (2d Cir. 2004) (to show prejudice, defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different") (quoting *Strickland*, 466 U.S. at 694).

## Habeas Corpus Petition:  28 U.S.C. § 2241(c)

The first issue presented is whether the Court has jurisdiction to entertain White's claim of ineffective assistance of counsel at this stage of the proceedings. As mentioned, defendant has been convicted after a jury trial, but has not yet been sentenced. From the beginning of these post-trial proceedings, the Government has suggested that the Court should ignore what appears to be obvious ineffective assistance of counsel and proceed to sentence White. In the Government's view, White should be required to raise the ineffective assistance claim either on direct appeal or in a subsequent

habeas corpus petition pursuant to 28 U.S.C. § 2255.  White, on the other hand, contends that the matter should be addressed now.

I believe that the Court can and should resolve this issue now.  The ineffective representation during the plea negotiations is so stark and obvious that it should be rectified before the Court proceeds further.  The error relates to the failure to properly warn White of the consequences he faced in going to trial.  At this stage, White is not challenging any trial errors or ineffective assistance at the trial.  Therefore, it would be a colossal waste of judicial resources to compel both the defendant and the Government to proceed to sentencing and appeal to raise this issue when I have already determined that his lawyer's ineffective assistance violated White's Sixth Amendment right to receive proper counsel and advice in determining whether to accept the Government's plea offer.

Were I to adopt the Government's position and ignore the obvious error and require White to pursue the matter on appeal, it seems likely that the Second Circuit would be compelled to remand the case to this Court for a hearing to determine the factual issues surrounding the advice given to White and to determine whether the second prong of *Strickland* had been met.  That has all now been accomplished. The error is clear and it should be remedied now.

There is authority to allow a defendant to pursue habeas corpus relief prior to sentencing pursuant to § 2241(c).  In *Stantini v. United States*, 140 F.3d 424, 426 (2d Cir. 1998), for example, the defendant, while in custody following his conviction but before he was sentenced, filed a motion pursuant to both Fed.R.Crim.P. 33 and what was styled as a motion pursuant to § 2255, both seeking a new trial on the ground of ineffective assistance of trial counsel.  The district judge denied the motions, and after the defendant was sentenced, he filed another § 2255 motion alleging ineffective

assistance of *appellate* counsel.  The district court transferred that motion to the court of appeals pursuant to *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996) (when second or successive petition for habeas corpus relief or § 2255 motion is filed in a district court without authorization by court of appeals, district court should transfer the petition or motion to court of appeals).

On appeal, one issue before the court of appeals was whether the second § 2255 motion should have been considered a successive § 2255 motion.  The Second Circuit held that it was not, because the first motion, though styled a motion under § 2255, should not have been treated as such, but rather as a motion under § 2241, since the defendant "was in federal custody, though not pursuant to a judgment or a sentence, at the time it was made and decided." *Id.* at 426.  Other courts have also recognized that in certain circumstances, a proceeding under § 2241 is viable.  *See, e.g., Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (section 2241 "applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him"); *United States v. Mocombe*, No. 98 CR 770, 2000 WL 488464, at *1 (S.D.N.Y. Apr. 24, 2000) (court could hear defendant's motion for "mandated sentence" or for new trial under § 2241, where defendant had been found guilty but not yet sentenced), *aff'd in part*, *appeal dismissed in part*, 4 Fed.Appx. 52 (2d Cir. 2001).  Accordingly, I find that, in the unique circumstances of this case, this Court has jurisdiction to hear White's motion under § 2241.

**Ineffective Assistance of Counsel:  Remedy**

Ineffective assistance of counsel can take many forms and perhaps because of that, courts have broad discretion in fashioning the appropriate remedy to protect a defendant whose Sixth Amendment rights have been violated by virtue of receiving ineffective assistance of counsel.  *See*, *e.g.*, *United States v. Gordon*, 156 F.3d 376, 381 (2d Cir. 1998) (district court would have "considerable discretion in fashioning a remedy" where Sixth Amendment violation occurred) (quoting *United States v. Day*, 969 F.3d 39, 47 (3d Cir. 1992)); *Riggs v. Fairman*, 399 F.3d 1179, 1184 (9th Cir. 2005) ("Once a determination has been made that habeas relief is warranted, the district court has considerable discretion in fashioning a remedy 'tailored to the injury suffered from the constitutional violation ...'") (quoting *United States v. Morrison*, 449 U.S. 361, 364 (1981)); *Gilmore v. Bertrand*, 301 F.3d 581, 582 (7th Cir. 2002) ("habeas corpus is an equitable remedy, and courts have 'broad discretion in conditioning a judgment granting habeas relief'") (quoting *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987)) (internal citation omitted); *United States v. Price*, 237 F.Supp.2d 1, 6 (D.D.C. 2002) (district court has considerable discretion in fashioning remedy at sentencing for ineffective assistance of counsel during pretrial plea bargaining).

Defense counsel originally suggested that a new trial was the appropriate remedy.  I disagree. Ineffective assistance of counsel in this case did not occur at trial but rather during pretrial negotiations concerning a plea agreement.  A new trial would not remedy the constitutional violation suffered by White.  Since the error did not occur at trial, there is no reason to give White a second opportunity to convince another jury that he should be acquitted.  Furthermore, if convicted, he still would face the very severe penalties about which he had not been informed prior to proceeding to

trial in the first place. *See United States ex rel. Caruso v. Zelinsky*, 689 F.2d 435, 438 (3d Cir. 1982) (where ineffective assistance consisted of defense counsel's failure "to communicate a plea offer to defendant, ... [granting a] subsequent fair trial does not remedy this deprivation") (citation omitted).

In his submission of April 22, 2005, defense counsel now suggests that White should be allowed to accept the original plea offer extended by the first prosecutor, Ms. Romanow, on September 22, 2003. In that proposed agreement, the parties acknowledged that the Guideline range was 138 to 157 months. The plea, though, was submitted under the provisions of Rule 11(c)(1)(C), FED. R. CRIM. PROC. with an agreed upon sentence of 138 months.

The Government, on the other hand, contends that the appropriate remedy would be for the Court to dismiss the second § 924(c) count and sentence White based on the jury's guilty verdicts on the remaining six counts of the indictment. That, according to the Government, would result in a sentence under the Guidelines of between 277 and 322 months.

I disagree with both positions. First, I see no reason to proceed to sentence White under the first proposed agreement, which was made before the superseding indictment was filed. The original indictment contained only one § 924(c) charge, so even if White had gone to trial on that indictment and been found guilty on all charges, he would not have been subject to the mandatory minimum 30-year consecutive sentence that he now faces.

The ineffective assistance here occurred after the filing of the superseding indictment in March 2004, which contained *two* § 924(c) counts. That defect in counsel's performance is what the Court must now seek to remedy. Allowing White now to accept the first plea offer would not remedy the constitutional violation that occurred here, but provide him with a possible windfall. The

proper remedy, then, is to put White where he would have been had he received correct advice to accept AUSA Lynch's proposed plea agreement, submitted April 14, 2004, just prior to trial. The proposed agreement set forth the maximum penalties for the relevant offenses, together with the anticipated Guideline range of 147 to 168 months.

I also do not agree with the Government's proposed remedy. In general, the proper remedy for ineffective assistance of counsel is "one that as much as possible restores the defendant to the circumstances that would have existed had there been no constitutional error." *United States v. Carmichael*, 216 F.3d 224, 227 (2d Cir. 2000); *see also United States v. Blaylock*, 20 F.3d 1458, 1468 (9th Cir. 1994) (proper remedy is one that will "put the defendant back in the position he would have been in if the Sixth Amendment violation had not occurred"). In effect, the Government is asking the Court to proceed not as if Vacca had correctly told White about the 30-year mandatory minimum, but as if the advice that he *did* give White–which was based on counsel's mistaken belief that a second § 924(c) conviction would add only 5 years to White's sentence–was correct. That, in my view, stands the governing case law on its head. White is entitled to be put in the position he would have been in had the constitutional error never occurred in the first place: in other words, the position he would have been in had he known the actual severity of the sentence he would be facing if convicted on both § 924(c) counts at trial. To do otherwise would penalize White for the faulty advice that he received from his lawyer. *See Carmichael*, 216 F.3d at 227 ("the remedy would be the resentencing, if any, to the terms appellant would have received had he been given proper legal advice").

White has testified that had he known the actual statutory minimum sentences he faced, he would never have gone to trial and would have accepted the plea offer. As I indicated in my oral decision, I accept that testimony. The drastic difference between the sentence White had been warned of and the sentence he now actually faces further corroborates White's testimony that he never would have taken the risk of proceeding to trial. *See Pham v. United States*, 317 F.3d 178, 182 (2d Cir. 2003) ("a significant sentencing disparity in combination with defendant's statement of his intention is sufficient to support a prejudice finding"); *accord Mask v. McGinnis*, 233 F.3d 132, 141-42 (2d Cir. 2000); *Cullen v. United States*, 194 F.3d 401, 407-08 (2d Cir. 1999); *Gordon*, 156 F.3d at 381.

White believed that when he went to trial that he was risking an additional 5-year term of imprisonment should he test the Government's case and proceed to trial. In fact, he was facing an additional *25* years–five times more than he believed, based on the advice of his counsel. Although I have previously found that White was warned that the maximum sentence could be life, his lawyer consistently advised White that his "actual sentence" would be much less. That estimate, though, proved woefully misguided since it was about half of what his eventual exposure (47-52 years) turned out to be by virtue of White's conviction of a second, subsequent violation of § 924(c).

There have been similar situations where courts have fashioned a remedy not dissimilar from this one. In *United States v. Carmichael*, 216 F.3d at 227, for example, in which the defendant's delay in accepting a plea offer was the result of defense counsel's ineffective assistance, and in which the delay resulted in a less favorable plea agreement, the Second Circuit stated that "a finding of ineffective assistance requires a remedy specifically tailored to the constitutional error." *Id.*

- 13 -

Stating that the proper "remedy is one that as much as possible restores the defendant to the circumstances that would have existed had there been no constitutional error," the court held that the appropriate remedy in that case was to resentence the defendant "to the terms [the defendant] would have received had he been given proper legal advice." *Id. See also United States v. Williams*, 372 F.3d 96, 111 (2d Cir. 2004) (stating that defendant "[wa]s entitled to be resentenced 'to the terms [he] would have received had he been given proper legal advice'" concerning whether to explore the possibility of a plea agreement) (quoting *Carmichael*, 216 F.3d at 227); *Alvernaz v. Ratelle*, 831 F.Supp. 790, 798 (S.D.Cal.1993) (stating, in § 2254 case in which defense counsel's failure to inform defendant that he could get life sentence if he went to trial constituted ineffective assistance of counsel, that "[t]he state of California bore the risk of ineffective assistance, so the State must now pay the price by reinstating the plea offer. Specific performance by the state's reinstatement of the prior five-year plea offer is thus an appropriate remedy in the instant case").

As discussed, the Court has broad discretion to remedy defects in the performance of counsel. Specific performance of the appropriate plea offer is the best remedy in the particular circumstances of this case. Each case is different, and the Court is required to balance all the competing interests. The primary focus, however, should be on guaranteeing that a defendant does not suffer at the hands of a lawyer who violated the standards imposed by the Sixth Amendment. In certain cases, specific performance may not necessarily be the best remedy. The Court in *Carmichael*, 216 F.3d at 227, discussed some circumstances which might suggest to a Court that specific performance is not appropriate. None of those circumstances exist here, however. Commanding specific performance

- 14 -

of the plea offer and sentence range presented to White in the Government's final plea offer should determine the parameters for the instant sentence.  Any other procedure and remedy would unfairly prejudice White and penalize him for his counsel's error.

The goal is to put White in a position where he would have been but for the ineffective assistance of counsel.  White has testified that he would have taken the plea offer, which involved entering a guilty plea to Counts 2 and 5 pursuant to the proposed plea agreement submitted by AUSA Lynch on April 14, 2004.  The maximum penalties were set forth in ¶ 1 of that agreement and the aggregate Guideline range, including the 60-month term for conviction on Count 5 (the § 924(c) charge) is 147 to 168 months and a fine and supervised release as set forth in ¶ 14.

White also would have acknowledged in ¶ 15 of the proposed agreement that the Probation Office would make an independent determination of the offense level and his criminal history category and that he could not withdraw the plea if the Court failed to adopt the Guideline calculations in the agreement or because the Court decided to depart.  White also agreed to waive his right to appeal any sentence within the Guideline range in the agreement (147 to 168 months).

In the plea agreement, the parties agreed that 35.713 grams of cocaine base was defendant's relevant conduct (¶ 5(d)).  With relevant conduct between 35 and 50 grams of cocaine base, White's base offense level, without adjustments, would have been at Level 30.  White would also have received a two-point reduction for acceptance of responsibility, thereby reducing his offense level to 28.  He was a Criminal History Category II and, therefore, the Guideline range on the drug charge would have been 87 to 108 months under the plea agreement.

After trial, and based on the evidence developed at trial, the Probation Office determined the relevant drug quantity to be 339.9 grams of cocaine base, which was significantly higher than anticipated in the plea agreement.  That quantity put White at Offense Level 34.  An additional adjustment for his managerial role in the offense increased the Offense Level to 36 and there was no reduction for acceptance of responsibility. The result under the PSR was an Offense Level of 36 and a Criminal History Category of II, which gave White a range of 210-262 months, a range at least double what was anticipated in the plea agreement.

### Summary

In sum, defendant's petition for relief under 28 U.S.C. § 2241(c) is granted. The proper remedy is to proceed to sentencing and to sentence White as if he had pleaded guilty to Counts 2 and 5 of the superseding indictment, with the expected Guideline range of 147-168 months.  Of course, the maximum penalties apply, 5 to 40 years on Count 2 and a consecutive term of 5 years to life on Count 5.  To effect this remedy, the jury's verdict on the remaining counts of the indictment would be vacated at sentencing and those counts dismissed.

Sentencing now must also comport with the rulings by the Supreme Court in *United States v. Booker*, ____ U.S. _____, 125 S.Ct. 7381 (2005), and the Second Circuit's decision in *United States v. Crosby,* 397 F.3d 103 (2005).  The parties will be afforded an opportunity to address sentencing issues.

Sentencing is scheduled for **July 6, 2005 at 3:00 p.m.**  Defendant must file any sentencing memorandum or objections to the applicable provisions of the PSR by **June 17, 2005**.   The Government must file its memorandum or objections by **June 27, 2005**.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 31, 2005.