UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA,

                 Plaintiff,

                                                  DECISION AND ORDER

                                                  03-CR-6109L

      v.

TERRANCE B. WHITE,

                 Defendant.

       Defendant, Terrance B.White ("White"), was convicted after trial and because he was convicted of two violations of 18 U.S.C. § 924(c), faced a mandatory, consecutive 30-year sentence in addition to whatever sentence the Court imposed on the other charges. After post-trial proceedings, this Court determined that White's trial counsel had provided ineffective assistance of counsel and to remedy that, the Court sentenced White pursuant to the United States Sentencing Guideline range of 147-168 months which was the range anticipated the plea offer presented to White prior to trial. The Court sentenced White by Judgment dated July 29, 2005, to an aggregate sentence of 168 months, 108 months on Count 2 and 60 months on Count 5 to be served consecutively. Both parties appealed and the Second Circuit affirmed this Court's judgment and sentence by summary order filed December 11, 2007, familiarity with which is presumed.

       Thereafter, White moved for a reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2) based on the 2007 Amendments to the Drug Quantity Table under the Sentencing Guidelines, § 2D1.1(c). On June 22, 2010, this Court denied the motion on the grounds that the original sentence was *not* based on a Sentencing Guideline calculation but as an equitable remedy to rectify White's receipt of ineffective assistance of counsel. White appealed that decision and in a decision

filed July 18, 2011, the Second Circuit reversed and remanded to this Court for further proceedings. Familiarity with that decision is presumed.

In the Second Circuit's view, based in part on intervening Supreme Court authority in *Freeman v. United States,* 131 U.S. 2685 (2011) White was eligible for a sentence reduction because this Court's sentence was within the then-applicable Guideline range and was, therefore, "based on" the Sentencing Guidelines. The Second Circuit decision held that although White was eligible for a reduction, the Circuit expressed no view as to whether such a reduction should be ordered.

The case is now before this Court on remand and both the defendant and the Government have filed papers setting forth their respective positions as to whether a reduction should be ordered.

Now, the Sentencing Guidelines have been amended once again, retroactive as of November 1, 2011. White now seeks multiple reductions under § 3582(a)(2). The first based on the 2007 Amendments which were the subject of the Second Circuit's remand and based on the new Amendments which became effective November 1, 2011.

The Government's response to the remand order urges the Court not to grant any reduction. In the Government's view, White already received a substantial benefit and had the Court considered matters that occurred at trial, which were set forth in the original presentence report, White's Guideline range would be much higher. In the Government's view, although the Court picked the range, 147-168 months, which was contained in the plea agreement, which White would have accepted had he been properly advised, that does not reflect White's true exposure under the Guidelines.

The Government also points to White's Criminal History and his prior drug convictions. The Government suggests White is likely to offend again and that, in spite of some post-sentence rehabilitation while incarcerated, no reduction is warranted.

The Government continues that theme relative to the most recent Guideline Amendments, effective November 1, 2011. In the Government's view, the 168 month sentence should remain as is.

The defendant, on the other hand, suggests that the Court should not focus on the evidence at trial since the equitable remedy fashioned by the Court was based on the pre-trial plea agreement which, had it been timely accepted, would have obviated the need for a trial. The defense suggests that this Court simply sentence defendant according to the new Guideline ranges which defendant posits would have been reflected in the pre-trial plea agreement had the drug quantities in effect now been effective then.

Both sides recognize that the two convictions require consecutive, mandatory minimum 60 month sentences and, therefore, at least a mandatory minimum of 120 months aggregate must be imposed.

The United States Probation Office has prepared a Supplemental Presentence Report computing the Sentencing Guidelines effective November 1, 2011, to be 57-71 months on Count 2 and 60 months consecutive on Count 5, for an aggregate Guideline range of 117-131 months. Because of the applicable statutory minimum, the actual Guideline range becomes 120-131 months.

Because the Court's original sentence was an equitable response in order to remedy defendant's receipt of ineffective assistance of counsel, it is difficult to precisely reconstruct what the plea offer might have been if the Guideline range now applicable was in place when defendant went to trial. But, the Second Circuit has determined that defendant is eligible for a sentence reduction, and I believe that such a reduction is not inappropriate.

When I fashioned the remedy, I selected a sentence at the top of the then Guideline range, 168 months. I believe that makes sense to do the same under the new Guidelines. The aggregate range is now 120-131 months. I will, therefore, reduce defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2) to an aggregate sentence of 131 months. All other aspects of the original sentence imposed July 19, 2005, remain in effect.

## CONCLUSION

Defendant's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), now on remand from a decision of the United States Court of Appeals for the Second Circuit, is granted and defendant's sentence is reduced to a sentence of 71 months on Count 2 and 60 months consecutive on Count 5 for an aggregate sentence of 131 months. All other aspects of the original sentence imposed July 19, 2005, remain in effect.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       November 29, 2011.